## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER INDUSTRY WELFARE FUND, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. NO.:  DKC-11-0365 ) |
| BILL R. SHEEHE d/b/a ALL STAR FIRE PROTECTION, | ) ) ) |
| Defendants. | ) ) |

### MEMORANDUM IN SUPPORT OF MOTION
### FOR ENTRY OF DEFAULT JUDGMENT

On February 9, 2011, Plaintiffs filed this action against Defendants seeking to recover contributions and liquidated damages due and unpaid by Defendants to the Plaintiff employee fringe benefit plans.  The Defendants were served with a copy of the Summons and Complaint by private process server on February 26, 2011.  The time for said defendant to plead or otherwise defend expired on March 19, 2011.  On July 19, 2011, Plaintiffs filed a Motion for Entry of Default and a Motion for Default Judgment and on _____, the Clerk of the Court entered a Default against the Defendants.

Subsequent to the filing of this action, the amount owed by the Defendant to the Plaintiff Funds changed.  The specific amounts owed and an explanation for this change has been determined as set forth in the attached Declaration of John P. Eger, Assistant Administrator of the Plaintiff Trust Funds (Exhibit A; hereinafter "Eger Declaration").  Plaintiffs are entitled to additional contributions which have accrued since the filing of this Complaint.  Tobin v. Prudential Lines, 2 EBC 1873 (S.D. NY, 1981).

Plaintiffs file this Application for Entry of Judgment by Default for want of appearance pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure and request the following relief from the Court:

That Plaintiffs have Judgment against the Defendants for contributions in the amount of $177,039.42, liquidated damages of $35,407.88, costs of $350.00, interest of $24,595.24 assessed at the rate of 12% per annum and attorneys' fees of $787.50.

Plaintiffs are entitled to interest pursuant to 29 U.S.C. §1132(g)(2)(C)(i), the Restated Agreements and Declarations of Trust establishing the NASI Funds (hereinafter "Trust Agreements") and the Guidelines for Participation in the NASI Funds (hereinafter "Guidelines"). Interest is assessed at the rate of 12% per annum on paid contributions through the date of payment and assessed on unpaid contributions through April 25, 2011 and continuing to accrue through the date of payment.

Plaintiffs are entitled to costs and attorneys' fees pursuant to Sections 502(g)(2)(D) and (E) of ERISA, 29 U.S.C. §1132(g)(2)(D) and (E). Recovery of these amounts is also provided for in the Collective Bargaining Agreement, the Trust Agreements and the Guidelines. The Plaintiffs' attorneys have spent a total of seven hours to bring this action against the Defendants (Declaration of Charles W. Gilligan attached hereto as Exhibit B).[1]  This is a reasonable amount of time to investigate the Plaintiffs' claims, research, draft and file the Complaint, prepare and file the Requests for Entry of Default Judgment and to prepare the materials and calculations supporting the instant Motion for Default Judgment. The reasonable hourly rate charged by Plaintiffs' attorneys is $275.00 for attorney time and $100.00 for paralegal time (Gilligan Declaration ¶ 4). This hourly rate is within the $275.00 to $400.00 hourly rate established in item 3d of the Court's Rules and Guidelines. The total amount of

---

[1]  Hereinafter referred to as the Gilligan Declaration.

attorneys' fees incurred in this case by Plaintiffs is $787.50 (Gilligan Declaration ¶ 6).

The Plaintiffs have also incurred reasonable costs in the matter for the filing fee in the total amount of $350.00 (Gilligan Declaration ¶ 5).   Accordingly, the total amount to be recovered for reasonable attorneys' fees and costs in this action is $1,137.50.

Respectfully submitted,

**O'DONOGHUE & O'DONOGHUE LLP**
4748 Wisconsin Avenue, N.W.
Washington, DC  20016
(202) 362-0041 – telephone
(202) 362-2640 - facsimile
cgilligan@odonoghuelaw.com

Charles W. Gilligan
Maryland Bar Number 05682

Attorney for Plaintiffs

211111_1.DOC

3