IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE NATIONAL            :
AUTOMATIC SPRINKLER INDUSTRY        :
WELFARE FUND, et al.                :
                                    :
   v.                               :   Civil Action No. DKC 11-0365
                                    :
BILL R. SHEEHE d/b/a                :
ALL STAR FIRE PROTECTION            :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this action arising under the Employee Retirement Income Security Act of 1974 ("ERISA") is Plaintiffs' motion for default judgment. (ECF No. 8). The relevant issues have been briefed, and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiffs will be directed to supplement the motion for default judgment.

**I.  Background**

Plaintiffs are trustees of various trust funds associated with Sprinkler Fitters Local Union No. 669 ("the Funds"). The Funds are employee benefit plans within the meaning of section 3(3) of ERISA. *See* 29 U.S.C. § 1002(3). Defendant Bill R. Sheehe is an individual doing business as All Star Fire Protection, an employer engaged in an industry affecting commerce under ERISA. *See* 29 U.S.C. §§ 1002(5), (12). The

Funds were established and are maintained pursuant to the Restated Agreements and Declarations of Trust ("the trust agreements") and a collective bargaining agreement between Sprinkler Fitters Local Union No. 669 and Defendant.[1]

On February 10, 2011, Plaintiffs filed a complaint on behalf of the Funds alleging that Defendant breached the trust agreements and the collective bargaining agreements by failing to make contributions for certain months.  According to the complaint, Defendant was required to make contributions to the Funds for "each hour of work by employees performing installation of automatic sprinkler systems." (ECF No. 1 ¶ 6). The agreements further provide that if an employer fails to make timely contributions, it must pay liquidated damages according to a specified formula:  If payment is not received by the fifteenth day of the month in which it is due, the employer must pay liquidated damages of ten percent of the contribution amount; if the payment is not received by the last working day of the month, the employer must pay an additional five percent; and if payment is not received by the fifteenth day of the following month, another five percent is owed as liquidated damages.  (*Id.* ¶ 11).

---

[1] The Funds are administered in Landover, Maryland.

In their complaint, Plaintiffs allege that Defendant made only partial payments during the 2009 to 2010 time period. (*Id.* ¶ 9). In addition to the outstanding contributions of $94,628.70, Plaintiffs seek liquidated damages of $13,789.74, interest for late payments, attorneys' fees, and costs.

Plaintiffs served the summons and complaint on February 26, 2011. When Defendant failed to respond within the requisite time period, Plaintiffs moved for entry of default and default judgment. (ECF Nos. 7, 8). The clerk entered default against Defendant on September 1, 2011. (ECF No. 9). Plaintiffs seek a default judgment for unpaid contributions in the amount of $177,039.42, liquidated damages of $35,407.88, interest of $24,595.24, attorney's fees of $787.50, and costs of $350.00. (ECF No. 8).

**II.  Standard of Review**

    **A.  Default Judgment**

Pursuant to Fed.R.Civ.P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Where a default has been previously entered by the clerk and the complaint does not specify a certain amount of damages, the court may enter a default judgment, upon the plaintiff's application and notice to the defaulting party,

pursuant to Rule 55(b)(2). A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court. *See Dow v. Jones*, 232 F.Supp.2d 491, 494 (D.Md. 2002). The United States Court of Appeals for the Fourth Circuit has a "strong policy" that "cases be decided on their merits," *id.* (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), but default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party, *see SEC v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

Upon entry of default, the well-pled allegations in a complaint as to liability are taken as true, but the allegations as to damages are not. *Lawbaugh*, 359 F.Supp.2d at 422. Rule 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Thus, where a complaint specifies the amount of damages sought, the plaintiff is limited to entry of a default judgment in that amount. "[C]ourts have generally held that a default judgment cannot award additional damages . . . because the defendant could not reasonably have expected that his damages would exceed that amount." *Meindl v. Genesys Pac. Techs., Inc. (In re*

4

*Genesys Data Techs., Inc.*), 204 F.3d 124, 132 (4th Cir. 2000). Where a complaint does not specify an amount, "the court is required to make an independent determination of the sum to be awarded." *Adkins v. Teseo*, 180 F.Supp.2d 15, 17 (D.D.C. 2001) (citing *SEC v. Mgmt. Dynamics, Inc.*, 515 F.2d 801, 814 (2$^d$ Cir. 1975); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2$^d$ Cir. 1981)).  While the court may hold a hearing to prove damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum."  *Adkins*, 180 F.Supp.2d at 17 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)); *see also Laborers' Dist. Council Pension v. E.G.S., Inc.*, No. WDQ-09-3174, 2010 WL 1568595, at *3 (D.Md. Apr. 16, 2010) ("[O]n default judgment, the Court may only award damages without a hearing if the record supports the damages requested.").

**III. Analysis**

In their motion for default judgment, Plaintiffs seek a total award of $238,180.04, which consists of:  (1) unpaid contributions of $177,039.42; (2) liquidated damages of $35,407.88; (3) interest of $24,595.24; (4) attorneys' fees of $787.50; and (5) costs of $350.00.  In support of these amounts, they submit the declaration of John P. Eger, Assistant Administrator of the Funds (ECF No. 8-4) and the declaration of

their attorney, Charles W. Gilligan, in support of their claim for attorneys' fees and costs (ECF No. 8-5).

### A.  Unpaid Contributions

Plaintiffs seek $177,039.42 in unpaid contributions for the relevant time period. (ECF No. 8, at 1). In support of this request, Plaintiffs submit the Declaration of John P. Eger. (ECF No. 8-4, Eger Decl., ¶ 5). The amount specified in the Eger Declaration corresponds with the amount requested in the motion for default judgment, but it differs from the figure requested in the complaint. In the complaint, Plaintiffs sought only $94,628.70 in unpaid contributions for the relevant time period. (ECF No. 1 ¶ 9). The Eger Declaration explains that "[s]ubsequent to the filing of this action, [Eger] was provided with additional information from employees of the Defendant[] which set forth additional hours worked during the same time period covered by the Plaintiffs' Complaint." (ECF No. 8-4 ¶ 5). Plaintiffs contend they are "entitled to additional contributions which have accrued since the filing of this Complaint." (ECF No. 8-1, at 1).

Plaintiffs' argument for this higher amount of damages sought is of no avail, however. As noted, under Rule 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." As explained in *Sheet Metal Workers' National Pension Fund v. Frank Torrone &*

*Sons, Inc.*, No. Civ.A. 1:04CV1109, 2005 WL 1432786 (E.D.Va. June 1, 2005):

> This Rule operates to protect a defendant who chooses to default:
>
> "The theory of this provision is that the defending party should be able to decide on the basis of the relief requested in the original pleading whether to expend the time, effort, and money necessary to defend the action. It would be fundamentally unfair to have the complaint lead defendant to believe that only a certain type and dimension of relief was being sought and then, should defendant attempt to limit the scope and size of the potential judgment by not appearing or otherwise defaulting, allow the court to give a different type of relief or a larger damage award. . . . If defendant chooses not to proceed, liability cannot be increased. This principle seems applicable whether or not defendant appears at the damage hearing and therefore should not turn on when the default occurs."

*Id.* at *7-8 (quoting 10 Charles Alan Wright et al., *Federal Practice and Procedure* § 2663 (3d ed. 2005)). In considering the scope of Rule 54(c), the Fourth Circuit has held that in default cases, there can be no recovery over the amount pled in the complaint, and that the complaint must pray for a specific monetary amount. *See Eddins v. Medlar*, Nos. 87-2602, 89-2910, 881 F.2d 1069, 1989 WL 87630, at *1, 3 (4th Cir. July 21, 1989) (unpublished table opinion) ("[Rule 54(c)] expressly protects a defaulting party from a judgment in excess of that demanded in the complaint."); *Compton v. Alton Steamship Co.*, 608 F.2d 96,

104 n.16 (4th Cir. 1979) ("[T]he relief available on default [should] be such as is within the fair scope of the allegations of the complaint and, when money judgment is sought, the specific amount demanded." (internal quotations omitted)).[2]

Accordingly, the court will refer to Plaintiffs' original request and limit the award for unpaid contributions to $94,628.70 as set forth in the complaint.

**B. Liquidated Damages**

Plaintiffs seek $35,407.88 in liquidated damages assessed on late contributions for the relevant time period. (ECF No. 8 ¶ 2). In support of this request, Plaintiffs submit the Eger Declaration. (ECF No. 8-4 ¶¶ 6-8). The amount specified in the Eger Declaration corresponds with the amount requested in the motion for default judgment, but it differs from the figure requested in the complaint. In the complaint, Plaintiffs sought only $13,789.74 in liquidated damages assessed on late contributions for the relevant time period. (ECF No. 1 ¶¶ 10-12). Because liquidated damages are calculated as a percentage of unpaid contributions, the increase in the amount of unpaid

---

[2] Plaintiffs' citation to "Tobin v. Prudential Lines, 2 EBC 1873 (S.D.N[.]Y[.] 1981)" in support of their contention is unhelpful. Despite a diligent search, the court was unable to locate a case by this name. Even if such a case existed, its precedential value is minimal at best, especially in light of the clear case law in the Fourth Circuit limiting default judgments awards to the amounts sought in the complaint.

contributions sought between the complaint and the motion for default judgment logically led to an increase in liquidated damages sought. For the same reasons discussed earlier regarding the unpaid contributions, the court will base its award of liquidated damages on the figures provided in the complaint. Accordingly, the court will refer to Plaintiffs' original request and limit the award for liquidated damages to $13,789.74.

### C. Interest

Plaintiffs seek $24,595.24 in interest at the rate of 12% per annum assessed on late paid contributions assessed through July 21, 2011 and continuing to accrue through the date of the payment. (ECF No. 8 ¶ 3). The interest is owed pursuant to 29 U.S.C. § 1132(g) and the trust agreements. (*Id.*). In support of this request, Plaintiffs submit the Eger Declaration. (ECF No. 8-4 ¶ 8).

It appears that Plaintiffs calculated the interest owed based on the new information furnished to Plaintiffs after the filing of the complaint that is referred to in the Eger Declaration. (*See id.* ¶ 5). Because interest is a function of the unpaid contributions, the increase in the amount of unpaid contributions sought between the complaint and the motion for default judgment would logically lead to an increase in interest sought. Therefore, the amount of interest sought in the motion

for default judgment cannot be relied upon. The court is otherwise unable to calculate independently the interest because Plaintiffs did not provide the original monthly amounts of unpaid contributions in the complaint. As such, Plaintiffs are directed to supplement their motion for default judgment to provide sufficient information with which interest may be calculated based on the amounts of unpaid contributions set forth in the complaint.[3]

### D. Attorneys' Fees

Plaintiffs seek $787.50 in attorneys' fees. In support of this request, Plaintiffs submit a Declaration of Attorney's Fees and Exhibit C, a spreadsheet of the hours billed by Plaintiffs' counsel. (ECF Nos. 8-5, 8-6). Exhibit C indicates that the firm spent 7.00 hours on this case on behalf of the Plaintiffs at a rate of $100 per hour for paralegal time and $275 per hour for attorney time. (ECF No. 8-6). The paralegals spent 6.5 hours on this case and the attorneys spent 0.5 hours on this case. (*Id.*). The sum of $787.50 is accurate based on the rates

---

[3] Alternatively, Plaintiffs may seek leave to amend their original complaint to reflect the updated amounts of unpaid contributions set forth in the Eger Declaration and the motion for default judgment. This course of action would, however, require Plaintiffs to serve Defendant with the amended complaint and would permit Defendant an opportunity to appear in the case and defend the action.

and times listed in Exhibit C and is sufficiently supported by the record.

### E. Costs

Plaintiffs seek $350.00 in costs. In support of this request, Plaintiffs submit Exhibit C, a spreadsheet of the costs incurred by Plaintiffs' counsel. (ECF No. 8-6). Exhibit C indicates that the costs included $350.00 for the complaint filing fee. (*Id.*). The sum of $350.00 is accurate based on the figures listed in Exhibit C and is sufficiently supported by the record.

## IV. Conclusion

For the foregoing reasons, Plaintiffs will be directed to supplement the motion for default judgment. A separate order will follow.

                                         /s/
                            DEBORAH K. CHASANOW
                            United States District Judge