IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER INDUSTRY WELFARE FUND, et al. | : |
|  | : |
|  | : |
| v. | : Civil Action No. DKC 11-0365 |
|  | : |
| BILL R. SHEEHE d/b/a ALL STAR FIRE PROTECTION | : |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this action arising under the Employee Retirement Income Security Act of 1974 ("ERISA") is Plaintiffs' amended motion for default judgment. (ECF No. 12). The relevant issues have been briefed, and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiffs' amended motion will be granted in part and denied in part. Plaintiffs' original motion for default judgment (ECF No. 8) will therefore be denied as moot.

**I.    Background**

Plaintiffs are trustees of various trust funds associated with Sprinkler Fitters Local Union No. 669 ("the Funds"). The Funds are employee benefit plans within the meaning of section 3(3) of ERISA. *See* 29 U.S.C. § 1002(3). Defendant Bill R. Sheehe is an individual doing business as All Star Fire

Protection, an employer engaged in an industry affecting commerce under ERISA. *See* 29 U.S.C. §§ 1002(5), (12). The Funds were established and are maintained pursuant to the Restated Agreements and Declarations of Trust ("the trust agreements") and a collective bargaining agreement between Sprinkler Fitters Local Union No. 669 and Defendant.[1]

On February 10, 2011, Plaintiffs filed a complaint on behalf of the Funds alleging that Defendant breached the trust agreements and the collective bargaining agreements by failing to make contributions for certain months. According to the complaint, Defendant was required to make contributions to the Funds for "each hour of work by employees performing installation of automatic sprinkler systems." (ECF No. 1 ¶ 6). The agreements further provide that if an employer fails to make timely contributions, it must pay liquidated damages according to a specified formula: If payment is not received by the fifteenth day of the month in which it is due, the employer must pay liquidated damages of ten percent of the contribution amount; if the payment is not received by the last working day of the month, the employer must pay an additional five percent; and if payment is not received by the fifteenth day of the

---

[1] The Funds are administered in Landover, Maryland.

following month, another five percent is owed as liquidated
damages. (*Id.* ¶ 11).

In the complaint, Plaintiffs allege that Defendant made
only partial payments during the 2009 to 2010 time period. (*Id.*
¶ 9). In addition to the outstanding contributions of
$94,628.70, Plaintiffs seek liquidated damages of $13,789.74,
interest for late payments, attorneys' fees, and costs.

Plaintiffs served the summons and complaint on February 26,
2011. When Defendant failed to respond within the requisite
time period, Plaintiffs moved for entry of default and default
judgment. (ECF Nos. 7, 8). The clerk entered default against
Defendant on September 1, 2011. (ECF No. 9). On October 21,
2011, this court issued an order directing Plaintiffs to
supplement their motion for default judgment to provide further
information from which prejudgment interest could be calculated.
(ECF Nos. 10, 11).

On November 2, 2011, Plaintiffs filed an amended motion for
default judgment. (ECF No. 12). In an accompanying memorandum,
Plaintiffs state that they seek prejudgment interest in the
amount of $13,782.09 assessed through November 1, 2011. (ECF
No. 12-1, at 2). To summarize, Plaintiffs now seek a default
judgment for unpaid contributions in the amount of $94,628.70,
liquidated damages of $13,789.74, interest of $13,782.09,
attorney's fees of $787.50, and costs of $350.00. (*Id.*).

## II.  Standard of Review

### A.  Default Judgment

Pursuant to Fed.R.Civ.P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Where a default has been previously entered by the clerk and the complaint does not specify a certain amount of damages, the court may enter a default judgment, upon the plaintiff's application and notice to the defaulting party, pursuant to Rule 55(b)(2).  A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court.  *See Dow v. Jones*, 232 F.Supp.2d 491, 494 (D.Md. 2002). The United States Court of Appeals for the Fourth Circuit has a "strong policy" that "cases be decided on their merits," *id.* (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), but default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party, *see SEC v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

Upon entry of default, the well-pled allegations in a complaint as to liability are taken as true, but the allegations

as to damages are not. *Lawbaugh*, 359 F.Supp.2d at 422. Rule 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Thus, where a complaint specifies the amount of damages sought, the plaintiff is limited to entry of a default judgment in that amount. "[C]ourts have generally held that a default judgment cannot award additional damages . . . because the defendant could not reasonably have expected that his damages would exceed that amount." *Meindl v. Genesys Pac. Techs., Inc. (In re Genesys Data Techs., Inc.)*, 204 F.3d 124, 132 (4th Cir. 2000). Where a complaint does not specify an amount, "the court is required to make an independent determination of the sum to be awarded." *Adkins v. Teseo*, 180 F.Supp.2d 15, 17 (D.D.C. 2001) (citing *SEC v. Mgmt. Dynamics, Inc.*, 515 F.2d 801, 814 (2$^{d}$ Cir. 1975); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2$^{d}$ Cir. 1981)). While the court may hold a hearing to prove damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins*, 180 F.Supp.2d at 17 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)); *see also Laborers' Dist. Council Pension v. E.G.S., Inc.*, No. WDQ-09-3174, 2010 WL 1568595, at *3 (D.Md. Apr. 16, 2010) ("[O]n

5

default judgment, the Court may only award damages without a hearing if the record supports the damages requested.").

## III. Analysis

In their amended motion for default judgment, Plaintiffs seek a total award of $123,338.03, which consists of: (1) unpaid contributions of $94,628.70; (2) liquidated damages of $13,789.74; (3) interest of $13,782.09; (4) attorneys' fees of $787.50; and (5) costs of $350.00. In support of these amounts, they submit the declaration of John P. Eger, Assistant Administrator of the Funds (ECF No. 12-2) and the declaration of their attorney, Charles W. Gilligan, in support of their claim for attorneys' fees and costs (ECF No. 12-3).

### A.   Unpaid Contributions

Plaintiffs seek $94,628.70 in unpaid contributions for the relevant time period. (ECF No. 12-1, at 2). In support of this request, Plaintiffs submit the Declaration of John P. Eger. (ECF No. 12-2, Eger Decl., ¶ 5). The amount specified in the Eger Declaration corresponds with the amount requested in the amended motion for default judgment and, more importantly, the amount requested in the complaint. Thus, the record supports Plaintiffs' request for $94,628.70 in unpaid contributions.

### B.   Liquidated Damages

Plaintiffs seek $13,789.74 in liquidated damages assessed on late contributions for the relevant time period. (ECF No.

12-1, at 2).   In support of this request, Plaintiffs submit the Eger Declaration.  (ECF No. 12-2 ¶¶ 6-8).   The amount specified in the Eger Declaration corresponds with the amount requested in the amended motion for default judgment and, more importantly, the amount requested in the complaint.    Thus, the record supports Plaintiffs' request for $13,789.74 in liquidated damages.

### C.   Interest

Plaintiffs seek $13,782.09 in interest at the rate of 12% per annum assessed on late paid contributions accruing through November 1, 2011.  (ECF No. 12-1, at 2).   The interest is owed pursuant to 29 U.S.C. § 1132(g) and the trust agreements. (*Id.*).   In support of this request, Plaintiffs submit the Eger Declaration.  (ECF No. 12-2 ¶ 8).

In its memorandum opinion accompanying its October 21 order, the court explicitly noted that Plaintiffs "did not provide the original monthly amounts of unpaid contributions in the complaint."  (ECF No. 10, at 10).   The court therefore directed Plaintiffs to supplement their original motion for default judgment with sufficient information to enable the court "to calculate independently the interest."  (*Id.*).   Plaintiffs have not done so.   The only new information provided in Plaintiffs' amended motion for default judgment is a new total amount of interest requested:   $13,782.09.   Without more

information, the court is unable to verify the accuracy of this figure.   Although this figure appears in the Eger Declaration and the amended motion, it does not appear in the complaint, which only requests interest "pursuant to the Collective Bargaining Agreement, the Trust Agreements, the Guidelines and 29 U.S.C. § 1132(g)." (ECF No. 1, at 5).

Interest will thus be awarded to the extent possible based on the current, albeit sparse, record.   According to the Eger Declaration, $94,628.70 in unpaid contributions is owed for work performed "during the years 2009 and 2010." (ECF No. 12-2 ¶ 5). Because Plaintiffs do not provide a monthly breakdown of the unpaid contributions, the court will assume that this lump sum was due in December 2010, the latest date supported by the record.[2]   Accounting for the liquidated damages provisions of the trust agreements, interest on this amount will be calculated starting January 15, 2011.[3]

In their amended motion, Plaintiffs request interest at the rate of 12% per annum.   The Eger Declaration on its own,

---

[2] In their motion, Plaintiffs allege that the unpaid contributions were due in July 2010 at the latest. (ECF No. 12, at 1).   There is no indication in the complaint or the Eger Declaration that this is the case.   Accordingly, interest cannot be calculated starting from that earlier date.

[3] According to the liquidated damages provisions of the trust agreements, liquidated damages are assessed on late contributions until "the 15th of the month following the month in which payment was due." (*Id.* ¶ 7).

however, does not actually specify this interest rate. The 12% interest rate is presumably found in the trust agreements, but Plaintiffs have failed to introduce the trust agreements into the record here. As an alternative, the Eger Declaration identifies 29 U.S.C. § 1132(g), which allows for interest to be calculated pursuant to the Internal Revenue Code. According to this rate scheme, and with the assumptions described above, Plaintiffs will be awarded $2,701.45 in interest.

**D.   Attorneys' Fees**

Plaintiffs seek $787.50 in attorneys' fees. In support of this request, Plaintiffs submit a Declaration of Attorney's Fees and Exhibit C, a spreadsheet of the hours billed by Plaintiffs' counsel. (ECF Nos. 12-3, 12-4). Exhibit C indicates that the firm spent 7.00 hours on this case on behalf of the Plaintiffs at a rate of $100 per hour for paralegal time and $275 per hour for attorney time. (ECF No. 12-4). The paralegals spent 6.5 hours on this case and the attorneys spent 0.5 hours on this case. (*Id.*). The sum of $787.50 is accurate based on the rates and times listed in Exhibit C and is sufficiently supported by the record.

**E.   Costs**

Plaintiffs seek $350.00 in costs. In support of this request, Plaintiffs submit Exhibit C, a spreadsheet of the costs incurred by Plaintiffs' counsel. (ECF No. 12-4). Exhibit C

indicates that the costs included $350.00 for the complaint filing fee. (*Id.*). The sum of $350.00 is accurate based on the figures listed in Exhibit C and is sufficiently supported by the record.

## IV.  Conclusion

For the foregoing reasons, Plaintiffs' amended motion for default judgment will be granted in part and denied in part. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
